Rosemarie MARRA, et al., Plaintiffs,

v.

Vaso PAPANDREOU, et al., Defendants.

No. CIV. A. 96–1535(RMU).

United States District Court,
District of Columbia.

Jan. 5, 1998.

Mark H. Alcott, Robert W. Trenchart, Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY.

Richard L. Brusca, Katharine Sexton, Rachel Mariner, Skadden, Arps, Slate, Meagher & Flom LLP.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### Modifying the Magistrate Judge's Order and Granting a Stay of Discovery

### I. INTRODUCTION

This matter comes before the court upon the defendants' motion for reconsideration of the magistrate judge's July 29, 1998 Order, which permitted the plaintiffs discovery for the purposes of establishing personal jurisdiction and standing. The court concludes that before permitting discovery on the issues of personal jurisdiction and standing, it will first consider the defendants' defenses that do not require discovery and could potentially dispose of the case. Because both the forum *non conveniens* and forum selection issues meet these criteria, the court modifies the magistrate judge's Order by granting the defendants leave to file a motion to dismiss on forum *non conveniens* and forum selection grounds. The court additionally grants the defendants' request to stay the discovery permitted by the magistrate judge on the personal jurisdiction and standing issues.

## II. BACKGROUND

The plaintiffs, a Liberian corporation and its American president and sole shareholder, brought suit in this District against the Minister of Tourism and other Greek governmental entities for breach of contract and unlawful expropriation of property rights relating to a $44 million license to operate a casino, hotel and marina in Athens, Greece. The Greek government had granted the license in January 1995 to the Athens Casino Consortium, a partnership consisting of seven companies; Plaintiff Marrecon Enterprises S.A. (the Liberian corporation) holds a nine percent interest in the consortium. The plaintiffs allege the property rights in the Athens casino project have an estimated value of over $1.6 billion.

The defendants argue that the Greek government properly revoked the casino license because it determined that the grant of license constituted an illegal administrative act under Greek law, was enacted without proper Greek legislative authority, did not comply with Greek municipal planning legislation, and was issued without the requisite opinion of Greek legislative committees. (Defs.' Mem. in Supp. of Mot. to Dismiss at 23.)

The defendants moved to dismiss the complaint on the grounds that the action is barred by (1) the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1330, 1602–1611; (2) the Act of State Doctrine; (3) the doctrine of *forum non conveniens*, 28 U.S.C. § 1404; (4) standing; and (5) lack of personal jurisdiction. Subsequently, the plaintiffs moved for permission to conduct preliminary discovery relating to the grounds asserted in the motion to dismiss. The requested discovery included depositions of Minister Papandreou and of the Minister of the Economy. The court, after deciding that it must determine FSIA jurisdiction before considering the other defenses, granted the motion in part, allowing the plaintiffs discovery on the FSIA issue relating to the defendants' efforts to solicit investment funds in the United States for the Greek casino industry. The court denied the remainder of the plaintiffs' discovery motion and denied without prejudice the defendants' motion to dismiss.

The defendants sought and received mandamus relief in the United States Court of Appeals for the District of Columbia. *See In re Papandreou*, 139 F.3d 247 (D.C.Cir.1998). In its mandate, the District of Columbia Circuit instructed this court to explore the ease with which other (non-FSIA) potentially dispositive jurisdictional defenses could be evaluated before ordering discovery on the FSIA issue. *See* 139 F.3d. at 254. "[W]here a colorable claim of immunity is made, a trial court should—at least if the defendant so argues—normally consider other potentially dispositive jurisdictional defenses before allowing FSIA discovery, with an eye towards minimizing the total costs imposed on the defendant." *Id.* The D.C. Circuit also instructed the court to consider less intrusive discovery than depositions of the Greek Ministers. *See* 139 F.3d. at 253–54.

On remand, the defendants advised the court of their intention to file a renewed motion to dismiss based on three non-FSIA defenses (standing, forum *non conveniens* and personal jurisdiction), while reserving the right to move to dismiss based on the FSIA at a later date. A discovery dispute subsequently arose when the plaintiffs contended that each of these defenses involved factual issues requiring discovery prior to briefing. The court referred the matter to the magistrate judge for discovery.

After a hearing, the magistrate judge permitted the plaintiffs discovery to explore issues of personal jurisdiction and standing. The magistrate judge limited the discovery to a Rule 30(b)(6) deposition of a representative of the Greek National Tourist Organization, a Rule 30(b)(6) deposition of a representative of the Ministry of Tourism, and the deposition of Nikolaos Dandolos, the Director of the Greek Casino Directorate. The magistrate judge limited these depositions to six hours per deponent. Additionally, the magistrate judge permitted the plaintiffs to serve the defendants with no more than ten interrogatories. The magistrate judge further ordered that the defendants respond to any interrogatories propounded pursuant to the Order within twenty days. The magistrate judge made no findings on the forum *non conveniens* issue.

At about the same time as the plaintiffs propounded interrogatories and requested the above-described depositions, the defendants moved for reconsideration of the magistrate judge's Order and for a stay of discovery pending the resolution of the motion. The defendants assert various grounds for disallowing the plaintiffs' requested discovery. The defendants urge as well that before allowing discovery relating to personal jurisdiction and standing, the court should first consider dismissal on forum *non conveniens* grounds.[1] The plaintiffs argue that the same discovery would be directly relevant to the forum *non conveniens* analysis as well.[2] (Pls.' Opp'n to Defs.' Mot. for Recons. at 12 .)

## III. ANALYSIS

### A. Forum *Non Conveniens*

Local Rule 503(c) allows the court to set aside a magistrate judge's determination upon a finding that such determination is clearly erroneous or contrary to law. As discussed above, the D.C. Circuit instructed this court, in effect, to evaluate all potentially dispositive bars to litigation with the goal of initially considering those that place the least hardship, in terms of discovery and litigation costs, on the foreign sovereign. In the July 29, 1998 Order, the magistrate judge permitted the plaintiffs to take limited discovery for the purposes of establishing personal jurisdiction and standing. The magistrate judge did not, however, evaluate the impact of first considering the defendants' forum *non conveniens* defense.

Under the doctrine of forum *non conveniens*, dismissal will ordinarily be appropriate when trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court and when the plaintiff is unable to offer any specific reasons of convenience supporting his choice. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The central purpose of any forum *non conveniens* inquiry is to ensure that the trial is reasonably convenient in light of the governing circumstances. 454 U.S. at 256, 102 S.Ct. 252.

To guide trial courts in making such a determination, the Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), provided a list of private interest factors affecting the convenience of the litigants and a list of public interest factors affecting the convenience of the forum. *Piper Aircraft*, 454 U.S. at 241, 102 S.Ct. 252. The factors include consideration of the relative ease of access to sources of proof; availability of compulsory process; the cost of obtaining attendance of witnesses; view of the premises (if appropriate); and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *See Gilbert*, 330 U.S. at 508, 67 S.Ct. 839.

In the court's opinion, these factors do not reveal at this time a need for the plaintiffs' requested discovery. The D.C. Circuit instructed this court to first consider the sovereign's defenses that do not require discovery. The forum *non conveniens* issue does not require preliminary discovery. Accordingly, the court concludes that before allowing discovery it will grant the defendants leave to file a motion to dismiss on forum *non conveniens* grounds. After entertaining that motion, the court may then, if appropriate, consider permitting discovery on the personal jurisdiction, standing, and FSIA defenses.

### B. Forum Selection Clause

The defendants also raise the issue of the forum selection clause contained in the Greek Ministerial Decisions and Approvals No. 37 ("Resolution 37"), which awards the casino license to the consortium. Specifically, Article 7 of Resolution 37 provides that "any

---

1. The defendants also assert that before permitting discovery, the court should consider dismissal on the basis of a forum selection clause, which states that the casino license holder must submit to the jurisdiction of the Greek courts in Athens and waives any rights to contest forum selection and choice of law provisions. While the defendants did not raise this issue in the July 6, 1998 letter to the court, they did identify this as a potential issue in the motion to dismiss they filed at the outset of the litigation. (*See* Defs.' Mem. in Supp. of Mot. to Dismiss at 7.)

2. The plaintiffs also filed a motion for contempt and sanctions, based on the defendants' refusal to comply with the requested discovery.

disputes arisen between the State or the National Tourism Organization and the Consortium relating to the application or interpretation of this present shall be settled by the Greek Courts in accordance with the Greek legislation ...." (Decl. of Brusca Ex. G at p. 23.)

Because this provision also has potentially dispositive implications, the court will permit the defendants leave to file a motion to dismiss on forum selection grounds.

## IV. CONCLUSION

The forum *non conveniens* and forum selection issues do not require discovery. In keeping with the Circuit's expressed preference that this court explore dispositive jurisdictional issues before ordering discovery, the court modifies the magistrate judge's Order by granting the defendants leave to file a motion to dismiss on forum *non conveniens* and forum selection grounds. The court additionally grants the defendants' request to stay the discovery permitted by the magistrate judge on the personal jurisdiction and standing issues. The court denies as moot the plaintiffs' motion for sanctions.

An appropriate Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously executed and issued this 4 day of January, 1999.